**SIGNED THIS: February 15, 2012**

_(signature)_

_____
**Mary P. Gorman
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 11-71787 |
| E.J. PAINTIFF and | ) | |
| SARAH J. PAINTIFF, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| DISCOVER BANK, Issuer of the | ) | |
| Discover Card, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 11-7089 |
| | ) | |
| SARAH J. PAINTIFF, | ) | |
| | ) | |
| Defendant. | ) | |

## O P I N I O N

This matter is before the Court on the motion of Sarah J. Paintiff for summary judgment with respect to an amended complaint filed by Discover Bank, Issuer of the Discover Card. The amended complaint seeks to except from discharge a $2000 cash advance drawn by Ms. Paintiff on her Discover account on the grounds that she obtained the cash advance by false pretenses, a false representation, or actual fraud. For the reasons set forth below, the motion for summary judgment will be granted and the debt will be discharged.

## I. Factual and Procedural Background

Sarah J. Paintiff ("Debtor") and her husband, E.J. Paintiff, filed a joint voluntary petition under Chapter 7 on July 5, 2011. Discover Bank, Issuer of the Discover Card ("Discover"), was listed as an unsecured nonpriority creditor on Schedule F - Creditors Holding Unsecured Nonpriority Claims. On October 7, 2011, Discover filed its adversary complaint, and an amended complaint was filed on October 29, 2011. Discover alleges that, on or about May 3, 2011, Debtor obtained a $2000 cash advance through her Discover account and that she made no payments on her account thereafter. Discover contends that, by taking the cash advance, Debtor represented an intention to repay the amounts borrowed. Discover further states that it justifiably relied on that representation, and that the Debtor obtained the cash advance by false pretenses, a false representation, or actual fraud, rendering the debt nondischargeable. *See* 11 U.S.C. § 523(a)(2)(A). Finally, Discover states that, because the cash advance was obtained within 70 days of the petition date, there is a presumption that the resulting debt is nondischargeable. *See* 11 U.S.C. § 523(a)(2)(C)(i)(II).

In response, Debtor states that, on or about May 3, 2011 — when the cash advance was taken — Debtor and her husband were married and resided together in the same household, that Mr. Paintiff was employed and earning in excess of $82,000 per year, and that they were fully capable and fully intended to pay all their debt, including that owed to Discover. However, on May 19, 2011,

Mr. Paintiff was involuntarily — and, it turns out, without warning — terminated from his employment and, as a result, they were unable to meet their monthly obligations, including their obligation to Discover. They consulted with counsel to discuss filing bankruptcy shortly thereafter. Thus, the Debtor alleges that her $2000 debt to Discover was not incurred by false pretenses, a false representation, or actual fraud because, at the time she took the cash advance, she had every intention of paying her account.

On December 12, 2011, Debtor filed her first motion for summary judgment. The next day, this Court entered an order denying the motion without prejudice. The order stated that the motion did not comply with the pleading requirements for motions for summary judgment and related documents as set forth in Rule 7.1(D) of the Local Rules of the United States District Court for the Central District of Illinois. *See* CDIL-LR7.1(D). The order further stated that strict compliance with the local rules is expected.

On December 16, 2011, Debtor filed her second motion for summary judgment, wherein she recited as undisputed material facts the same statements she had previously set forth in her answer to the amended complaint. Sworn affidavits by both the Debtor and Mr. Paintiff attesting to the undisputed facts were filed with the motion for summary judgment. Debtor also filed a memorandum of law in support of her motion. Discover filed a timely response and Debtor filed a timely reply. The matter is now ready for decision.

## II. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. The resolution of issues involving the dischargeability of debts are core proceedings. *See* 28 U.S.C. § 157(b)(2)(I).

### III. Legal Analysis

### A. Summary Judgment Standards

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, which is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7056. *See* Fed. R. Civ. P 56; Fed. R. Bankr. P. 7056. Summary judgment is an encouraged method of resolving cases where no material facts are in dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The party moving for summary judgment has the burden of establishing that there are no material facts in dispute and that the party is entitled to judgment as a matter of law. *Id.* at 322-23. A factual dispute is material only if the disputed fact is determinative of the outcome of the issues to be decided. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Local Rules of the United States District Court for the Central District of Illinois apply to proceedings before this Court. *See* CDIL-LR1.1(C). Motions for summary judgment filed in this Court must comply strictly with the Local Rules of the District Court for the Central District of Illinois. *See* CDIL-LR 7.1(D); *In re Clayton*, 369 B.R. 383, 388 (Bankr. C.D. Ill. 2007); *In re Campbell*, 372 B.R. 886, 890 (Bankr. C.D. Ill. 2007). The Seventh Circuit has stated that local rules governing summary judgment practice "reflect an attempt to make the parties' respective summary judgment obligations explicit" and has consistently upheld "strict enforcement" of such local rules. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994).

Local Rule 7.1(D) requires summary judgment movants to set forth a list of numbered undisputed facts with a citation to the record for each fact. The non-moving party must respond to each alleged undisputed fact by conceding that it is undisputed, by disputing it with citation to the record supporting the dispute, or by asserting that the fact is not material with an explanation of the lack of materiality. The non-moving party may also set forth additional undisputed facts to which the original movant must respond by conceding, disputing, or alleging non-materiality. *See* CDIL-LR

7.1(D). The failure to respond in a response or reply to any numbered fact is deemed an admission of that fact. *See* CDIL-LR 7.1(D)(2)(b)(6), (c)(5). This process is necessary in order to determine whether any material facts are actually in dispute. A court need not scour the record looking for a dispute or a lack of dispute, and the failure to comply with the local rules to clearly identify areas of dispute may work against both parties. *See Waldridge*, 24 F.3d at 921. The benefits and efficiencies of motions for summary judgment are lost when these provisions of the local rules are not followed. *See Clayton*, 369 B.R. at 391-92.

Here, after having her first motion for summary judgment denied without prejudice, the Debtor has clearly made an attempt to comply with Local Rule 7.1(D), and her motion for summary judgment is largely in compliance with Local Rule 7.1(D). Her motion for summary judgment contains an introduction, a section which lists undisputed material facts, and a separate section of argument in numerated paragraphs. Discover, on the other hand, made no attempt whatsoever to comply with the Local Rule, which is surprising inasmuch as the Court had already, in this very case, addressed its mandates and expectations with respect to motions for summary judgment and related documents.

Discover's response simply contains a narrative of its version of the facts and argument without disputing with citation to the record any of the facts set forth as undisputed material facts in the Debtor's motion. Discover posits some theories as to why the Debtor is not entitled to summary judgment, but does not respond to the numbered undisputed material facts in the Debtor's motion as required by Local Rule 7.1(D)(2). A failure to comply with local rules may result in serious consequences to the offender. *See Waldridge*, 24 F.3d at 922; *Campbell*, 372 B.R. at 890. Thus, Discover's failure to comply with the local rules does not limit this Court's ability to review the motion for summary judgment but will result in serious consequences for Discover.

## B. Dischargeability under §§ 523(a)(2)(A) & (C)(i)(II)

Generally, a party seeking to establish an exception to the discharge of a debt bears the

burden of proving each element of the exception by a preponderance of the evidence. *Grogan v.*

*Garner*, 498 U.S. 279, 286-87 (1991). Exceptions to discharge are construed strictly against a

creditor and liberally in favor of a debtor. *In re Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992).

In its complaint, Discover relies on §§ 523(a)(2)(A) and (C)(i)(II) of the Bankruptcy Code

which provide in part as follows:

> (a) A discharge under section 727…of this title does not discharge an individual debtor from any debt—
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>>>
>>> * * * *
>>>
>>> (C)(i) for purposes of subparagraph (A)—
>>>
>>> * * * *
>>>
>>> (II) cash advances aggregating more than $875 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order relief under this title, are presumed to be nondischargeable[.]

11 U.S.C. §§ 523(a)(2)(A), (C)(i)(II).

In order to prevail on a § 523(a)(2)(A) claim, a creditor must prove: (1) that a debtor obtained

property from the creditor by making a false representation or omission which the debtor either knew

was false or which the debtor made with reckless disregard for the truth; (2) that the debtor possessed

an intent to deceive or defraud; and (3) that the creditor justifiably relied on the false representation. *See* 11 U.S.C. § 523(a)(2)(A); *Field v. Mans*, 516 U.S. 59, 74-75 (1995); *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011); *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010).

However, if a creditor establishes that the debt in question arose from the taking of cash advances within the 70 days before the case filing in an aggregate amount in excess of $875, a presumption of nondischargeability arises and the burden shifts to the debtor to go forward and rebut that presumption. *See* 11 U.S.C. § 523(a)(2)(C)(i)(II); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009); *In re Green*, 296 B.R. 173, 179 (Bankr. C.D. Ill. 2003). Here, there is no dispute that the Debtor took a cash advance from Discover in the amount of $2000 within 70 days of filing. Thus, the statutory presumption applies, and the burden of going forward has shifted to the Debtor.

The statutory presumption of nondischargeability is based on the theory that, when a credit card holder makes charges on the account, an implied representation is made that there is an intention to repay the charges incurred. *See In re Anastas*, 94 F.3d 1280, 1285 (9th Cir. 1996); *In re Rembert*, 141 F.3d 277, 281 (6th Cir. 1998). And, when the charges are made shortly before a bankruptcy filing and the obligation to pay the charges is sought to be discharged, the presumption is that the implied representations of intent to pay were false and fraudulently made. *See In re Fuller*, 2007 WL 3245404, at *2 (Bankr. D. Kan. Nov. 2, 2007).

To rebut the presumption which has admittedly arisen here, Debtor states in paragraph 5 of her list of undisputed material facts that, on the date the cash advance was taken, she and her husband "intended to and were fully capable of paying all sums owed to Discover card, including the $2,000.00 balance transfer…." This statement is supported by her other assertions at paragraphs 4, 6, 7, and 8 that her husband was gainfully employed and earning in excess of $82,000 per year on

the date the cash advance was taken but that, just weeks later, his employment was terminated and, because of the significant reduction in their household income, they were unable to pay their bills, including the debt to Discover.

In its response to the motion to summary judgment, Discover did not comply with Local Rule 7.1(D) and, therefore, did not dispute the fact that, when the Debtor took the cash advance, she intended to repay it. Nor did it dispute the Debtor's husband's loss of employment or the dramatic financial impact that change in circumstances had on the household finances. Because, under the local rules, the failure to respond to a numbered fact is deemed an admission of that fact, it is undisputed that the Debtor and her husband suffered a significant change in financial circumstances after the cash advance was taken. These undisputed facts establish that the Debtor did not take the cash advance in contemplation of filing bankruptcy and are sufficient to rebut the statutory presumption relied upon by Discover. *See Ritter*, 404 B.R. at 823.

With the presumption having been rebutted, the motion for summary judgment must be granted. Discover does not allege in its amended complaint or response to the motion for summary judgment that the Debtor made some separate false statement or misrepresentation upon which it justifiably relied in making the cash advance. Discover's entire case was based on the applicability of the statutory presumption. But, because that presumption was rebutted and the Debtor established as a matter of law that she did not make a false representation of her intent to repay the cash advance when she took it, Discover cannot prevail.

Finally, Discover suggests that the motion for summary judgment is premature and that more discovery should be allowed before the motion is decided. However, this Court conducted a telephonic status hearing in this case on January 5, 2012, during which counsel for Discover

acknowledged that his response to the motion was due the following day but said nothing about

needing more time or having inadequate information with which to respond. And, even now, counsel

does not suggest what specific discovery is needed. He never asked for an extension of time, and

throwing a tardy complaint about the timing of the motion into Discover's response is an ineffective

method of seeking relief from this Court.

## IV. CONCLUSION

Debtor's motion for summary judgment with respect to Discover's amended complaint

alleged undisputed material facts which are sufficient to rebut the presumption that her debt to

Discover is nondischargeable and to establish that she is entitled to summary judgment as a matter

of law. Discover failed to comply with Local Rule 7.1(D)(2), and its response to Debtor's motion

was inadequate to overcome the *prima facie* case made by the Debtor that she had no fraudulent

intent when she obtained the $2000 cash advance. Accordingly, Debtor is entitled to a finding in her

favor as a matter of law. Debtor's motion for summary judgment will be granted and her debt to

Discover will not be excepted from the discharge previously granted to her.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052

of the Rules of Bankruptcy Procedure.

See written Order.

###